O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR 05-1140-RSWL-1 |
| Plaintiff, ) | |
| ) | **ORDER re: Defendant's *Ex Parte* Application for Early Termination of Supervised Release** [295] |
| v. ) | |
| ) | |
| KELDREN JOSHUA, ) | |
| Defendant. ) | |

Currently before the Court is Defendant Keldren Joshua's ("Defendant") *Ex Parte* Application for Order Granting Early Termination of Supervised Release [295] ("Application"). Having reviewed all papers submitted pertaining to this Application, the Court **NOW FINDS AND RULES AS FOLLOWS:** the Court **GRANTS** Defendant's Application.

1

# I. BACKGROUND

On August 21, 2006, Defendant was sentenced following a guilty plea to 188-months imprisonment with five years supervised release for Conspiracy to Possess with Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A). Sentencing Minutes, ECF No. 99. On November 10, 2015, the Court reduced Defendant's sentence to 168 months [288]. On August 3, 2016, after ten years in prison, President Barack Obama commuted Defendant's sentence. See Appl., Ex. B, Executive Summary of Clemency, ECF No. 295-2. Defendant was released from prison in December of 2016, and now requests that the Court terminate his term of supervised release.

Defendant filed the instant Application [295] on January 8, 2019. The Government filed an Opposition [300] late on January 18, 2019, and Defendant filed a Reply [301] on January 20, 2019. The United States Probation Office ("USPO") does not oppose the Application.[1] Appl. at 1:19.

# II. DISCUSSION

## A. Legal Standard

"A district court can terminate supervised release early and discharge [a] defendant, provided he has served at least one year of his supervised release

---

[1] Defendant's counsel spoke to the USPO officer assigned to Defendant's case on January 3, 2019, and the officer informed him via email that "the U.S. Probation office has no opposition to [Defendant's] request for Early Termination." Appl. at 9:8-11.

term." United States v. Weber, 451 F.3d 552, 559 n.9 (9th Cir. 2006). However, "the defendant, as the party receiving the benefit of early termination, [must] demonstrate that such a course of action is justified." Id. The legal standard for deciding a motion to terminate supervised release is set forth in 18 U.S.C. § 3583(e). "[Section] 3583(e) gives district courts broad discretion in determining whether to grant a motion to terminate supervised release." United States v. Emmett, 749 F.3d 817, 819 (9th Cir. 2014). "[A]fter considering a subset of the sentencing factors set forth in 18 U.S.C. § 3553(a), a court may terminate a term of supervised release 'if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.'" Id. (internal quotation omitted).

The relevant factors to be considered are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation; (5) the sentence and sentencing range established for the category of defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense.

United States v. Smith, 219 F. App'x 666, 667 n.3 (9th Cir. 2007).

///

**B. Discussion**

Defendant moves for early termination of his supervised release two years into his five year term. The Court first addresses the Government's argument that the Court does not have discretion to terminate supervised release because the plain language of the statute, 21 U.S.C. §§ 841(a)(1), (b)(1)(A), restricts the Court's ability to reduce a term of supervised release that is imposed as part of a mandatory minimum sentence. Gov't Opp'n 2-4, ECF No. 300. Section 841 states, in relevant part:

> "Notwithstanding section 3583 of Title 18, any sentence under this subparagraph shall, in the absence of such a prior conviction, impose a term of supervised release of at least 5 years in addition to such term of imprisonment and shall, if there was such a prior conviction, impose a term of supervised release of at least 10 years in addition to such term of imprisonment."

21 U.S.C. § 841(b)(1)(A). The Government argues that the language "[n]otwithstanding section 3583" removes the Court's discretion to modify or vacate a term of supervised release under section 3583. Opp'n at 2:24-3:8. While the Ninth Circuit has not directly addressed section 841's limitation on section 3583, other courts in this district have followed a Sixth Circuit decision, <u>United States v. Spinelle</u>, 41 F.3d 1056 (6th Cir. 1994),[2] to find that section 841 does not

---

[2] In <u>Spinelle</u>, the Sixth Circuit addressed the conflict between section 841(b)(1)(A) and section 3583(e), and determined that, because the sentencing phase is separate from the post-sentence modification stage, the trial court satisfied its

4

prevent courts from terminating supervised release under section 3583 before the mandatory term is completed. See United States v. Sims, No. 09-CR-00101-VAP-7 (C.D. Cal. Sept. 24, 2018) ("Section 841(b)(1)(B) does not remove the Court's discretion, after the sentence was imposed, to reduce or terminate Defendant's mandatory minimum period of supervised release pursuant to Section 3583(e) after Defendant completed his term of imprisonment and more than one year of supervised release.") (citing Spinelle, 41 F.3d at 1059-60); United States v. Carrillo, No. 15-CR-327-MMM, at *3-4 (C.D. Cal. Sept. 20, 2016) (same); United States v. Carter, No. 03-CR-695-AHM, at *3-4 (C.D. Cal. Jan. 26, 2015) (same).[3] The Court agrees, and concludes

---

obligation under section 841(b)(1)(A) by imposing the mandatory minimum term of supervised release. 41 F.3d at 1059-60. The Sixth Circuit further held that "a district court has discretionary authority to terminate a term of supervised release after the completion of one year, pursuant to 18 U.S.C. § 3583(e)(1), even if the defendant was sentenced to a mandatory term of supervised release under 21 U.S.C. § 841(b)(1)(C) and 18 U.S.C. § 3583(a)." Id. at 1061.

[3] The Government argues that Spinelle is inapposite because at the time it was decided, the Sixth Circuit reviewed an older version of section 841 that did not include the phrasing "[n]otwithstanding section 3583." Opp'n at 3:24 n.3. However, since section 841 was amended in 2002 to add the direct reference to section 3583, several district courts have followed Spinelle's reasoning to conclude that the district court retained the discretion to terminate a mandatory minimum period of supervised release. See e.g., Carrillo, No. 15-CR-327-MMM, at *4; United States v. Scott, 362 F. Supp. 2d 982, 983-84 (N.D. Ill. 2005) (concluding that "Congress intended to exclude the maximum periods of supervised release otherwise set forth in § 3583(b), leaving untouched the possibility of early termination of supervised release allowed by § 3583(e)"); United States v. McClister, No. 2:02-CR-87 TS, 2008 WL 153771, at *1-2 (D. Utah

that section 841(b)(1)(B) does not remove the Court's discretion, after the sentence was imposed, to reduce or terminate Defendant's mandatory minimum period of supervised release pursuant to section 3583.

Turning to the merits, the Court now considers the relevant section 3553(a) factors. First, the circumstances of Defendant's offense involve a nonviolent crime in which Defendant acted as the middleman, and his only criminal history prior to the offense included traffic convictions for driving with a suspended license. See Ex. B at 2. The USPO has not opposed Defendant's Application, and the Government has not shown that Defendant poses a risk to the public or a risk of re-offending. There is also no indication of a need for continued supervision in order to provide Defendant with medical care or training, or that Defendant owes any restitution.

As to policy and sentencing considerations, Defendant argues that the Judicial Conference of the United States has stated as policy that at 18 months into the term, there is a presumption in favor of recommending early termination for persons who meet the following criteria:

> (1) does not meet the criteria of a career drug offender or career criminal or has not committed a sex offense or engaged in terrorism;

---

Jan. 14, 2008) (concluding that the court retained authority under Section 3583(e) to terminate the defendant's mandatory minimum term of supervised release, following <u>Spinelle</u> and <u>Scott</u>).

6

> (2) presents no identified risk of harm to the
> public or victims;
> (3) free from any court-reported violations over
> a 12-month period;
> (4) demonstrates the ability to lawfully self-
> manage beyond the period of supervision;
> (5) is in substantial compliance with all
> conditions of supervision; and
> (6) engages in appropriate prosocial activities
> and receives sufficient prosocial support to
> remain lawful well beyond the period of
> supervision.

Appl. at 4:3-7; Administrative Office of the United States Courts, Guide to Judiciary Policy, Vol. 8, Part E, § 360.20 (2018). "While the Policy conclusions of the Judicial conference may not be binding on the lower courts, they are 'at the very least entitled to respectful consideration.'" Hollingsworth v. Perry, 130 S. Ct. 705, 711-12 (2010). As applied to Defendant, the Judicial Conference guidelines support early termination because (1) he is not a career violent and/or drug offender, sex offender, or a terrorist; (2) there is no indication he poses a risk to the public or victims; (3) he has not violated the terms of supervised release; and (4) he has demonstrated that he has support and is active in the community.

Defendant also argues that an individual charged for the same crime today, would not have received the mandatory minimum sentence that Defendant received. Indeed, the First Step Act of 2018 modified section 3553 to permit safety valve relief to defendants who do not have "more than 4 criminal history points,

7

excluding any criminal history points resulting from a 1-point offense, as determined under the sentencing guidelines." First Step Act of 2018, 115 S.756, § 402. As mentioned, Defendant's only criminal history prior to his offense was for driving with a suspended license. Defendant would have been safety valve eligible if convicted today, and would have received a lesser sentence.

The Government argues that Defendant is not entitled to early termination merely because he is complying with the terms of his release. Opp'n at 6:3-5. Pursuant to 18 U.S.C. § 3583(e), a court may discharge or modify the terms and conditions of supervised release "in order to account for new or unforeseen circumstances." United States v. Miller, 205 F.3d 1098, 1101 (9th Cir. 2000) (quoting United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997)). A defendant's "exceptionally good behavior" is one example of changed circumstances that warrants the termination of supervised release. Id. The Government is correct in that "[c]ourts have generally held that something more than compliance with the terms of probation is required to justify early termination." United States v. Robins, No. LA CR 08-01497-VBF, 2014 U.S. Dist. LEXIS 83117, at *9 (C.D. Cal. May 27, 2014). However, the Ninth Circuit has explained that it is not necessarily required for a defendant to demonstrate undue burden or changed circumstances in order to be

eligible for early termination, so long as the defendant meets the requirements of section 3583. See Emmett, 749 F.3d at 819-20; United States v. Bainbridge, 746 F.3d 943, 948-49 (9th Cir. 2014).

Here, the section 3583 factors weigh in Defendant's favor and Defendant has exhibited more than mere compliance. During his incarceration, Defendant participated and received certificates in various rehabilitative, vocational, educational programs such as positive parenting, mental health, drug education, and more. See Ex. A, BOP Certificates, ECF No. 295-1. Since his release in August 2016, Defendant has fully complied with the terms of his supervised release. Appl. at 5:18-21. Defendant has neither possessed nor used controlled substances since his release. Id. at 5:18-20. Defendant has also demonstrated an ability to manage consistent employment since his release, having worked at Lorin Shores, a footwear store, as a driver for Grub Hub, and as a Production Assistant with Grand Park Music Center. Id. at 6:7-18; see Ex. C, Resume, ECF No. 295-3. Defendant actively volunteers by teaching kids and adolescent age students with a variety of cognitive disabilities how to operate Disc Jockey equipment. Appl. at 6:20-24; Ex. D, Letters of Support at 11, ECF No. 295-4. Defendant has also been a proactive advocate for criminal justice reform, most recently working with Families Against Mandatory Minimums. Appl. at 7:3-20. Finally, Defendant has

demonstrated the support he has from friends, family, and coworkers. See Ex. D.

There is no evidence or reason to believe that continuation of Defendant's supervision is needed to deter him or others, to protect the public, to provide Defendant with medical care or educational/vocational training, or to provide restitution to any victims. 18 USC § 3553(a)(2). Defendant's compliance with supervision, continual employment, and contributions to the community all support termination of supervised release. See United States v. Copeland, No. CR 02-00316 WHA, 2014 WL 1620947, at *1 (N.D. Cal. Apr. 22, 2014) (granting early termination for defendant who complied with supervision and maintained full-time employment). Having considered Defendant's conduct and the relevant 18 U.S.C. § 3553(a) factors, and given that the USPO has not opposed, the Court finds the factors weigh sufficiently in favor of early termination of supervised release.

### III. CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendant's Application.

**IT IS SO ORDERED.**

DATED: February 4, 2019        s/ RONALD S.W. LEW

                                        **HONORABLE RONALD S.W. LEW**
                                        Senior U.S. District Judge